IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3005 |
| vs. | * AMENDED * TENTATIVE FINDINGS |
| MELISSA GRANTSKI, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 45) and filed a motion for downward departure and variance (filing 44).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to inclusion of the corporate share of payroll taxes in the presentence report's calculation of loss. But the guidelines make clear how to compute tax loss. "If the offense involved willful failure to pay tax, the tax loss is the amount of tax that the taxpayer owed and did not pay." U.S.S.G. § 2T1.1(c)(3). To determine the total tax loss attributable to the offense, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." *Id.*, cmt. n.2. The defendant pled guilty to 26 U.S.C. § 7202, "willful failure to collect or pay over tax." Per the Guidelines, then, the tax loss computation should include all conduct which violated the tax laws, unless such conduct is clearly unrelated.

The defendant argues that the failure to pay the corporate share of the payroll taxes "is not a misuse or conversion of employee taxes and is

substantively a different offense," apparently meaning that conduct is unrelated to the failure to pay the employee share. Filing 45. The defendant appears to make a distinction in her behavior regarding the failure to pay employee taxes versus employer taxes. The violation of § 7202 for failing to pay employee taxes arose from the defendant collecting such taxes from his employees' paychecks, but then failing to remit payment to the IRS. Apparently, the defendant believes this is substantively different than her failure to pay over the corporate share of the payroll taxes, which resulted simply from not paying the government what it was owed.

However, as described in the Guidelines, all conduct that violates the tax laws is part of the tax loss computation unless that conduct was unrelated. There is nothing to negate the showing that the defendant's conduct included both the failure to pay employee and employer payroll taxes. The defendant, quarter after quarter and in the same course of conduct, failed to pay over both employer and employee shares of taxes owed to the IRS.

The defendant also argues that because there was no evidence that the defendant converted or hid the corporate share of the payroll taxes, that this tax debt should not be included in the tax loss computation. But conversion is not an element of § 7202, and, again, the failure to pay the corporate share arose out of the same repeated course of conduct, when the defendant did not pay tax debt. For these reasons, the tax loss computation of $237,513.54 properly includes all of the defendant's conduct which violated the tax laws as required under U.S.S.G. § 2T1.1.

> The Court's tentative finding, then, is that the defendant's objection is without merit.
>
> The defendant has also moved for a downward departure or variance based on a state prosecution for a similar offense, and her efforts to pay restitution. Filing 44. The Court recognizes its authority to depart, *see United States v. Oligmueller,* 198 F.3d 669, 672 (8th Cir. 1999) (citing *United States v. Garlich,* 951 F.2d 161, 163 (8th Cir.1991)), although it appears to the Court that the circumstances the defendant relies on are best considered in the context of a potential variance.[1] The Court will resolve the issues in the defendant's motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

---

[1] The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

   requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

   Dated this 29th day of November, 2022.

                                             BY THE COURT:

                                             _____
                                             John M. Gerrard
                                             United States District Judge